## SHELLEY *v.* ST. CHARLES Co.

### (*Circuit Court, E. D. Missouri, E. D.*   April 20, 1887.)

1. COUNTIES—BONDS—MANDAMUS TO LEVY TAX.
   Where a county court refuses to levy a tax required by law to be levied for the payment of county bonds, a *mandamus* will go to compel such levy.
2. SAME—ADJUSTMENT OF EQUITIES.
   Where bonds, maturing in different years, were issued for the improvement of certain lands upon which they were made a lien until paid, and the law required the county court to levy enough taxes upon such lands each year to pay the annual interest on such bonds, and all bonds maturing the following year, allowing at least 25 per cent. for delinquent taxes, and the county court only levied enough, if all collected, to pay the interest and bonds, and allowed nothing for delinquencies, and delinquent suits were instituted, and certain tracts sold under judgments recovered, and some of the purchasers were *bona fide, held,* that this court cannot attempt, in *mandamus* proceedings, to apportion or determine the equities which exist, and will not issue a *mandamus* to compel a second levy upon lands sold, for the payment of bonds due before such sales were made.

This is a proceeding by *mandamus* against the judges of the county court of St. Charles county to enforce the satisfaction of a judgment recovered in this court upon certain bonds and coupons issued by St. Charles county, under certain acts of 1869 and 1870, for the improvement by drainage of certain lands lying in said county, known as the "Marias Temps Clair District," and to that end compel the levy of a sufficient tax to pay said judgment, less the amount already paid thereon. For other material facts, see 28 Fed. Rep. 875.

*E. B. Sherzer,* for relator.

*Dyer, Lee & Ellis* and *Castleman, Hough & Denison,* for respondent.

BREWER, J., (*orally.*) In the case of Shelley, relator, against St. Charles county, the relator is entitled to a *mandamus,* so far as respects bonds for which no levy has been made. Provision to that effect is in the order which is herewith approved. So far as the balance of the judgment is concerned, the plaintiff is not entitled to *mandamus.* There were judicial sales made under proceedings in the courts, after the failure of the ordinary tax levies, and there were on those judicial sales some *bona fide* purchasers. As we intimated in the course of one of the arguments in the case, we think the parties who bought under these judicial sales are entitled to protection, and that the relator's remedy (if he have any) for the balance of the judgment must be in some other proceeding.

We cannot in *mandamus* attempt to apportion or determine the equities which exist, so that, as to the balance of the judgment, the application for *mandamus* will be refused.